IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK13-40394-TJM |
| | ) | A13-4020-TJM |
| ROSE A. DOHMEN, a/k/a | ) | |
| ROSE A. PURDIE, | ) | |
| | ) | CH. 7 |
| Debtor(s). | ) | |
| KEITH D. PURDIE, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ROSE A. DOHMEN, | ) | |
| | ) | |
| Defendant(s). | ) | |

ORDER

This matter is before the Court on Fil. #25, Special Appearance, filed on behalf of the debtor/defendant and Fil. #29, Objection, filed by the plaintiff.

At Fil. #23 in this adversary proceeding, an order was entered granting a motion for default judgment filed by plaintiff Keith D. Purdie. That judgment determined that the debt owed by the debtor to Mr. Purdie is non-dischargeable.

On September 25, 2013, at Fil. #25, attorney William Neiman filed a special appearance "for the sole purpose of objecting to the Court's jurisdiction to adjudicate this adversary proceeding for the reason that the Debtor/Defendant was not served with process nor were any pleadings in this adversary proceeding ever served upon Debtor/Defendant and no attorney had heretofore entered any appearance on behalf of the Debtor/Defendant in this proceeding."

The special appearance document requested an order dismissing the adversary proceeding with costs taxed to the plaintiff.

In response, Mr. Purdie filed, on October 1, 2013, at Fil. #29, an objection to the special appearance which asserted that the debtor has been served personally with a summons and all other documents in the case. In addition, at Fil. #30, Mr. Purdie presents an affidavit with numerous certificates of service of the summons and other documents on the debtor.

The special appearance is denied. It appears from the docket that the debtor has been properly served with all of the documents in this case. If so, the judgment was properly entered.

Even if the debtor has not been served with any of the documents in this case, and therefore the judgment is void, the obligation of the debtor to Mr. Purdie is non-dischargeable as a matter of law. The Bankruptcy Code at 11 U.S.C. § 523(a)(15) provides that a discharge under § 727 of the Code does not discharge an individual debtor from any debt to a spouse or former spouse that is incurred by the debtor in the course of a divorce or separation or in connection with a separation

agreement, divorce decree or other order of a court of record. The underlying bankruptcy case, Case No. BK13-40394, is a Chapter 7 case. Section 727(b) excepts from discharge all debts identified as falling under the provisions of §523.

In this case, the debt owed by the debtor to Mr. Purdie resulted from a determination by a state court judge in a dissolution of marriage action. It is a non-dischargeable debt.

IT IS ORDERED that Fil. #25, Special Appearance is denied. The debt owed by the debtor to Mr. Purdie is a non-dischargeable debt.

DATED:    October 11, 2013

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    Keith D. Purdie
    Rose A. Dohmen
    *William J. Neiman
    U.S. Trustee